No. 655 July 8, 2026 425

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY LEE SALAS,
*Defendant-Appellant.*

Marion County Circuit Court
23CR38245; A185092

Courtland Geyer, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for five counts of first-degree sexual abuse and one count of first-degree sodomy. The court sentenced defendant to a 300-month term of incarceration on the sodomy count and four 75-month sentences for the sex abuse convictions, two of which were imposed consecutively, resulting in an aggregate prison sentence of 450 months. On appeal, defendant challenges the aggregate sentence as unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution and asks us to reconsider our case law holding that only individual sentences may be reviewed for proportionality. *See, e.g.*, *State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (concluding that it was "not appropriate" to consider the defendant's "aggregate or cumulative sentence" in assessing disproportionality under Article I, section 16).

Defendant's claim is not preserved. He acknowledges that he did not "specifically" raise a constitutional claim before the trial court, instead focusing on an argument advocating for concurrent sentences. Indeed, defendant did not raise any constitutional disproportionality argument at all, let alone an argument that the trial court must apply that disproportionality analysis to an aggregate sentence. Defendant does not now request plain-error review, on which basis alone we may decline to consider his claim. ORAP 5.45(7) ("The court may decline to exercise its discretion to consider plain error absent a request explaining the reasons that the court should consider the error."); *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) ("[W]e normally will not exercise [our] discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments."). In any event, under existing case law, any error is not plain.

Affirmed.